IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-cv-00607-BO

| | |
|---|---|
| CALLA WRIGHT, WILLIE J. BETHEL, AMY T. LEE, AMYGALE L. WOMBLE, BARBARA VANDENBERGH, JOHN G. VANDENBERGH, AJAMU G. DILLAHUNT, ELAINE E. DILLAHUNT, LUCINDA H. MACKETHAN, WILLIAM B. CLIFFORD, ANN LONG CAMPBELL, GREG FLYNN, BEVERLY S. CLARK, CONCERNED CITIZENS FOR AFRICAN-AMERICAN CHILDREN, and the WAKE CITIZENS ASSOCIATION<br><br>     Plaintiffs,<br><br> vs.<br><br>THE STATE OF NORTH CAROLINA and THE WAKE COUNTY BOARD OF ELECTIONS<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO COMPLAINT**

NOW COME all defendants, and through their respective undersigned counsel, answer the complaint of the plaintiffs as follows:

*FIRST DEFENSE*

For and as a First Defense, defendants move the Court to dismiss this action in that the complaint 1) fails to state a claim upon which relief may be granted and 2) as to the Defendant State of North Carolina is barred by the immunity provided for by the Eleventh (11th) Amendment of the United States Constitution, as well as for the reasons more particularly set forth in the Motions and Memorandum filed contemporaneously with this answer, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

For and as a Second Defense, defendants move to dismiss this action in that the plaintiffs' complaint raises non-justiciable political questions and is barred by the Political Question doctrine.

## THIRD DEFENSE

For and as a Third Defense, defendants move to dismiss this action in that the plaintiffs, individuals and entities, all lack standing to bring this action thereby depriving the Court of subject matter jurisdiction and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## FOURTH DEFENSE

For and as a Fourth Defense, defendants answer the specific allegations of the plaintiffs' complaint as follows (utilizing plaintiff's paragraph headings for reference only):

1. It is admitted that in early 2011 the Wake County Board of Education [hereinafter "School Board"] undertook the responsibility of revising its districts to adjust for population variations. It is further admitted that the School Board retained legal counsel, implemented new assignment policies, conducted public hearings and adopted new districts. It is further admitted that in 2013 the North Carolina General Assembly passed Senate Bill 235 changing the School Board districts from nine (9) numbered districts to seven (7) numbered districts and two (2) lettered districts to be implemented in 2016 and prohibiting the School Board from altering these districts until 2021.

Except as specifically herein admitted, the remaining allegations of paragraph one (1) are Denied.

2. Denied.

## JURISDICTION AND VENUE

3. Denied.

4. Admitted.

5. Admitted

## PARTIES

6. It is admitted upon information and belief that plaintiff Calla Wright is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 4. Except as specifically admitted, the remaining allegations of paragraph 6 are denied for lack of information or knowledge.

7. It is admitted upon information and belief that plaintiff Willie J. Bethel is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 4. Except as specifically admitted, the remaining allegations of paragraph 7 are denied for lack of information or knowledge.

8. It is admitted upon information and belief that plaintiff Amy T. Lee is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 3. Except as specifically admitted, the remaining allegations of paragraph 8 are denied for lack of information or knowledge.

9. It is admitted upon information and belief that plaintiff Amygayle L. Womble is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 9. Except as specifically admitted, the remaining allegations of paragraph 9 are denied for lack of information or knowledge.

10. It is admitted upon information and belief that plaintiff Barbara Vandenbergh is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 6. Except as specifically admitted, the remaining allegations of paragraph 10 are denied for lack of information or knowledge.

11. It is admitted upon information and belief that plaintiff John G. Vandenbergh is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 6. Except as specifically admitted, the remaining allegations of paragraph 11 are denied for lack of information or knowledge.

12. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 12 and the same are therefore denied.

13. It is admitted upon information and belief that plaintiff Elaine E. Dillahunt is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 4. Except as specifically admitted, the remaining allegations of paragraph 13 are denied for lack of information or knowledge.

14. It is admitted upon information and belief that plaintiff Lucinda H. Mackethan is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 6. Except as specifically admitted, the remaining allegations of paragraph 14 are denied for lack of information or knowledge.

15. It is admitted upon information and belief that plaintiff William B. Clifford is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in School Board District 5. Except as specifically admitted, the remaining allegations of paragraph 15 are denied for lack of information or knowledge.

16. It is admitted upon information and belief that plaintiff Ann Long Campbell is a registered Wake County voter and lives at the address alleged. It is further admitted that Ann Long Campbell presently lives in School Board District 3. Except as specifically admitted, the remaining allegations of paragraph 16 are denied for lack of information or knowledge.

17. It is admitted upon information and belief that plaintiff Greg Flynn is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in Board of Education District 6. Except as specifically admitted, the remaining allegations of paragraph 17 are denied for lack of information or knowledge.

18. It is admitted upon information and belief that plaintiff Beverly S. Clark is a registered Wake County voter and lives at the address alleged. It is further admitted that this plaintiff presently lives in Board of Education District 6.

Except as specifically admitted, the remaining allegations of paragraph 18 are denied for lack of information or knowledge.

19. It is admitted that an entity called "Concerned Citizens for African-American Children" is registered as a non-profit organization as recorded with the North Carolina Secretary of State. Except as specifically herein admitted, all remaining allegations of paragraph 19 are denied for lack of information or knowledge.

20. Denied for lack of information or knowledge.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Admitted.

## FACTUAL ALLEGATIONS

**Background on Wake County Board of Education and Its Policies**

26. It is admitted that the 2000 census reported Wake County's population at 627,846 and the 2010 census reported its population at 900,994. It is further admitted that the student population in the Wake County Schools increased between these two census periods. Except as herein admitted, the remaining allegations are denied for lack of information or knowledge.

27. It is admitted that sometime after 2000 the School Board implemented a student assignment plan that included a component of socioeconomic

diversity. Except as herein admitted, the remaining allegations are denied for lack of information or knowledge.

28. Denied for lack of information or knowledge.

29. It is admitted that a majority of the school board elected in 2009 implemented changes to the student assignment policy favoring a "neighborhood schools plan." Except as herein admitted, the remaining allegations are denied for lack of information or knowledge.

30. It is admitted that the 2011 elections changed the membership of the School Board. Except as herein admitted, the remaining allegations are denied for lack of information or knowledge.

**Background on Wake County Board of Education Redistricting**

31. It is admitted that there was a disparity in the population of the School Board districts as a result of population growth from 2000 to 2010. Except as herein admitted, the remaining allegations are denied for lack of information or knowledge.

32. Admitted.

33. Denied for lack of information or knowledge.

34. Admitted.

35. Denied for lack of information or knowledge.

36. Denied for lack of information or knowledge.

37. Admitted.

38. Denied for lack of information or knowledge.

39. It is admitted that the party affiliations of the School Board were as alleged at the time of the filing of the complaint. It is denied that the party affiliations will continue to be as alleged when the new members of the School Board take office in December 2013.

**Senate Bill 325**

40. Admitted.

41. Denied for lack of information or knowledge.

42. Admitted upon information and belief.

43. Admitted.

44. Admitted upon information and belief.

45. It is admitted that Session Law 2013-110 redraws the School Board districts from nine (9) to seven (7) numbered districts and added two (2) lettered districts and that every voter will have the opportunity to vote for one numbered district candidate and one lettered district candidate. It is further admitted that Section 5 (c) provides that the School Board boundaries may be changed as permitted by N.C.G.S. § 155C-37(i) to account for population imbalances but any such revision may not impair the ability of any person to finish the term to which they are elected. Except as herein admitted, any remaining allegations are denied.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 51 and the same are therefore denied.

52. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 52 and the same are therefore denied.

53. It is admitted that the "overall" population deviation of the "lettered" districts drawn by Session Law 2013-110 is 9.8%. Except as herein admitted, any remaining allegations are denied.

54. Denied.

55. Denied.

56. Admitted.

57. It is admitted that results from a presidential election is but one of many means of determining the political preference of a particular electoral district. Except as herein admitted, the remaining allegations are denied.

58. Admitted.

59. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 59 and the same are therefore denied.

60. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 60 and the same are therefore denied.

61. Denied.

62. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 62 and the same are therefore denied.

63. Denied.

64. Denied.

65. These answering defendants are without information or knowledge sufficient upon which to form a belief of the truth or falsity of the allegations of paragraph 65 and the same are therefore denied.

66. Denied.

67. Denied.

68. Denied.

### FIRST CLAIM FOR RELIEF

(Denial of Equal Protection under the 14th Amendment to the U.S. Constitution)

69. Defendants incorporate herein by reference the responses to paragraphs 1 through 68 above as if set forth in this response.

70. This allegation is plaintiffs' contentions of law or legal conclusions to which no response is required. In the alternative, defendants respond by saying the 14th Amendment is applicable to every American.

71. This allegation is plaintiffs' contentions of law or legal conclusions to which no response is required. In the alternative, defendants respond by saying the 14th Amendment is applicable to every American.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## SECOND CLAIM FOR RELIEF

76. Defendants incorporate herein by reference the responses to paragraphs 1 through 75 above as if set forth in this response.

77. This allegation is plaintiffs' contentions of law or legal conclusions to which no response is required.

78. This allegation is plaintiffs' contentions of law or legal conclusions to which no response is required. In the alternative, defendants respond by saying the Article I of the Constitution of the State of North Carolina is applicable to all North Carolinians.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## PRAYER FOR RELIEF

WHEREFORE, the defendants, having fully answered the complaint of the plaintiff, prays for the following relief:

    a.    That the complaint be dismissed;

    b.    That the plaintiffs have and recover no relief by way of this complaint;

    c.    That the costs of this action be taxed to the plaintiffs;

d. For such other and further relief as to the court may seem just and proper.

This the 4th day of November 2013.

**FOR THE STATE OF NORTH CAROLINA**

*/s/ Alexander McC. Peters*
Senior Deputy Attorney General, (NCSB 13654)
E-mail: *apeters@ncdoj.gov*
North Carolina Department of Justice
Special Litigation Section
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900

**FOR WAKE COUNTY BOARD OF ELECTIONS**

*/s/ Scott W. Warren*
Wake County Attorney (NCSB 14349)
E-mail: *swarren@wakegov.com*
*s/ Roger A. Askew*
Deputy Wake County Attorney (NCSB 18081)
E-mail: *Roger.Askew@wakegov.com*
*/s/ Kenneth R. Murphy, III*
Assistant Wake County Attorney (NCSB 26573)
E-mail: *Kenneth.murphy@wakegov.com*

Office of the Wake County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504

12
Case 5:13-cv-00607-BO   Document 30   Filed 11/04/13   Page 12 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-cv-00607-BO

| | |
|---|---|
| CALLA WRIGHT, WILLIE J. BETHEL, AMY T. LEE, AMYGALE L. WOMBLE, BARBARA VANDENBERGH, JOHN G. VANDENBERGH, AJAMU G. DILLAHUNT, ELAINE E. DILLAHUNT, LUCINDA H. MACKETHAN, WILLIAM B. CLIFFORD, ANN LONG CAMPBELL, GREG FLYNN, BEVERLY S. CLARK, CONCERNED CITIZENS FOR AFRICAN-AMERICAN CHILDREN, and the WAKE CITIZENS ASSOCIATION<br><br>        Plaintiffs,<br><br>vs.<br><br>THE STATE OF NORTH CAROLINA and THE WAKE COUNTY BOARD OF ELECTIONS<br><br>        Defendants. | **CERTIFICATE OF SERVICE** |

      I hereby certify that on November 4th, 2013, I electronically filed the foregoing ANSWER and, I hereby further certify that pursuant to Local Civil Rule 5.1(b) counsel for all other parties are being served as registered users of CM/ECF as provided for in Local Civil Rule 5.1(e).

Anita S. Earls
Allison Riggs
Clare R. Barnett
Southern Coalition for Social Justice
1415 Highway 54, Suite 101
Durham, North Carolina 27707

                                              This the 4th day of November 2013.

                                              */s/ Roger A. Askew*
                                              Roger A. Askew
                                              Deputy Wake County Attorney
                                              Post Office Box 550
                                              Raleigh, North Carolina 27602
                                              Phone: (919) 856-5500